IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36631-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RICHARD EUGENE YALLUP, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Richard Yallup appeals the trial court's failure, at resentencing, to strike his $200 criminal filing fee and to amend the interest portion of his judgment. The State agrees and requests that we remand for the trial court to make the requested corrections. We remand for this purpose.

FACTS

In October 2013, the State charged Richard Yallup, an indigent person, with several violent crimes. A jury found him guilty of most of the charged crimes. The trial court imposed a lengthy sentence, various legal financial obligations (LFOs) including restitution, and interest on all LFOs.

Yallup appealed and later filed a personal restraint petition (PRP). We consolidated the PRP with the appeal, affirmed his convictions, but remanded for the trial court to grant Yallup a restitution hearing.

In February 2019, the trial court held the restitution hearing. After considering documents and arguments, the trial court affirmed its earlier restitution award. In addition, it struck most of the previously imposed discretionary LFOs, but did not strike Yallup's $200 criminal filing fee or modify the interest provision of the judgment.

Yallup timely appealed to this court.

## ANALYSIS

### LEGAL FINANCIAL OBLIGATIONS

Yallup contends the trial court erred by not striking his $200 criminal filing fee and by not amending the judgment so that interest would stop on the nonrestitution portion of his LFOs as of June 7, 2018.

At the time of resentencing, RCW 36.18.020(2)(h) prohibited trial courts from imposing the $200 criminal filing fee on indigent defendants. Also at the time of resentencing, RCW 10.82.090 prohibited interest from accruing on nonrestitution LFOs as of June 7, 2018. For these reasons, we accept the State's concession. We remand for

the trial court to strike the $200 criminal filing fee and to amend the interest provision in the judgment to reflect that interest stops on nonrestitution LFOs as of June 7, 2018.

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW (SAG)

RAP 10.10 permits a defendant, in a criminal case on direct appeal, to file a pro se SAG. The purpose of a SAG is to "identify and discuss those matters related to the decision under review *that* the defendant believes have not been adequately addressed" by defense counsel. RAP 10.10(a). Here, the decision under review is the resentencing held in February 2019.

Yallup filed a lengthy SAG. With the exception of two instances noted below, Yallup's arguments have nothing to do with the resentencing hearing.

Yallup incoherently asserts that various judges and defense attorneys were bribed or colluded against him in 2015 and early 2016. He occasionally adds that these actions "impacted" the resentencing hearing. Yallup fails to explain how these supposed actions impacted the 2019 resentencing hearing.

In two instances, he somewhat discusses the resentencing hearing and this appeal. In one instance, he complains the resentencing judge wrongly precluded him from discussing his complaints relating to events in 2015 and early 2016. In another instance,

No. 36631-6-III
*State v. Yallup*

he argues his current appellate attorney has provided ineffective assistance by not raising these issues.

We conclude none of these issues "relate[ ] to the decision under review." RAP 10.10(a). They are outside the scope of a proper SAG, and we decline to address them.

Remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Fearing, J.

4